IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO.1:09cv301

| | |
|---|---|
| DWAYNE PEEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act. [Doc. 14].

**I.  PROCEDURAL HISTORY**

The Plaintiff Dwayne Peek initiated this action on August 6, 2009, seeking review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on October 15, 2009. [Doc. 3]. Thereafter, the Plaintiff filed a motion for summary judgment on the basis of

the administrative record. [Doc. 5]. The Government in response consented to remand. [Doc. 9]. On February 16, 2010, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 12].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $2,762.50. [Doc. 14]. In response, on February 19, 2010 the Government stipulated that that sum may be made payable directly to Plaintiff's counsel, provided that this is the only motion filed by the Plaintiff in this case pursuant to the EAJA. [Doc. 15].

## II.   ANALYSIS

Under the EAJA, the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v.

Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner does not contest the Plaintiff's request for fees. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. Plaintiff has submitted affidavits of counsel and billing records detailing the hours claimed in preparing this case. [Doc. 14-3].

Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. Payne v. Sullivan, 977 F.2d 900, 901 (4th Cir. 1992).

The Court notes that Plaintiff has submitted no evidence in support of an increase over the statutory rate of $125.00 per hour. Customarily, the Consumer Price Index, specifically the CPI-U, for the months in which remand was ordered and in which the statutory rate was established, namely March 1996, are accepted in support of an hourly rate in excess of the statutory rate. The Court asks that Plaintiff submit such evidence with future fee requests under the EAJA. Examining those rates *sua sponte*, and noting the parties' agreement to an award of $2,762.50, the Court finds Plaintiff's requested hourly rate of $170.00 to be reasonable. The Court further finds that this higher hourly rate is consistent with the prevailing

market rates for services charged by lawyers of similar talents and experience in this District. Accordingly, the Court concludes that the Plaintiff is entitled to an award of attorney's fees based upon an hourly rate of $170.00.

Furthermore, upon careful review of counsel's time sheets and affidavits, the Court finds that the number of hours claimed by the Plaintiff's attorneys and paralegal staff are reasonable. Based upon a reasonable hourly rate of $170.00 per hour for 16.25 attorney hours, the Court concludes that the Plaintiff's requested fee is justified.

The parties request that the fee award be paid directly to Plaintiff's attorney. In support of this request, the Plaintiff submits an executed assignment purporting to assign any and all EAJA fees to which he is entitled to his attorneys. [Doc. 14-2]. The Court notes that the parties' request was made in February 2010, and reflected payment practices then common in the District. However, subsequent to the filing of the parties' request, a split[1] among the federal circuits over the conflict between

---

[1] The 4th, 10th and 11th Circuits held that EAJA fees are payable only to the prevailing claimant, and thus, such fees are subject to administrative offset for any other non-tax debts that the claimant owes to the Government. See Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 137 (4th Cir. 2009), Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir.), cert. denied, 129 S.Ct. 724, 172 L.Ed.2d 730 (2008); Manning v. Astrue, 510 F.3d 1246, 1252 (10th Cir. 2007), cert. denied, 129 S.Ct. 486, 172 L.Ed. 355 (2008). The 6th and 8th Circuits had held that EAJA fees may be awarded directly to the prevailing

5

Treasury Offset rules applicable to the Social Security Administration's payment of EAJA fees and a custom of EAJA fees being awarded directly to a prevailing party's attorney was addressed by the U.S. Supreme Court in Astrue v. Ratliff, 560 S.Ct.—, 2010 WL 2346547 (June 14, 2010). The Court clarified that the "prevailing party" entitled to benefits under the EAJA is the claimant, not his attorney. Ratliff at *4-7.

The Fourth Circuit has not specifically addressed, and the Ratliff case did not resolve, whether a court may order the payment of a fee award directly to a prevailing party's attorney where the party has executed a valid assignment of any interest in such award and no offset-qualifying debt existed. In light of the parties' pre-Ratliff submissions and the later Ratliff decision, the Court concludes it must deny the request to award EAJA fees directly to Plaintiff's counsel, without prejudice to the parties' opportunity to make supplemental motion(s) that harmonize their request to honor Plaintiff's assignment with the ruling in Ratliff.

---

party's attorney and cannot be used to offset the claimant's debt. See Ratliff v. Astrue, 540 F.3d 800, 802 (8th Cir. 2008), cert. granted, – S.Ct. –, 2009 WL 1146426 (Sep. 30, 2009); King v. Comm'r of Soc. Sec., 230 F. App'x 476, 481 (6th Cir. Mar. 28, 2007).

# **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 18] is hereby **GRANTED IN PART** as follows:

(1)  The Clerk of Court shall enter judgment in favor of and payable to the Plaintiff and against the Defendant in the amount of $2,762.50 for attorney's fees and expenses awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

(2)  The Plaintiff is further awarded $350.00 in costs, to be certified by the Office of the United States Attorney to the Department of Treasury for payment from the Judgment Fund.

(3)  Defendant shall inform Plaintiff's counsel whether Plaintiff does owe a debt to the government by which this fee award may be offset no later than 45 days from the entry of this Order.

And Plaintiff's Motion is **DENIED IN PART** as follows:

(4)  Payment of the sums approved must be made directly to Plaintiff and not to his counsel, without prejudice to the parties' right, within 20 days of the entry of this Order, to submit supplemental motions on

the issue of honoring valid assignments after Ratliff for the Court's consideration.

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: December 6, 2010

Martin Reidinger
United States District Judge